IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CASSANDRA WEBB, Individually | § | |
| and as Next Friend of L.S., a minor, | § | |
|    *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-25-00160 |
| | § | |
| AIRBNB, INC., AIRBNB RPG INC., | § | |
| and GENERALI U.S. BRANCH, | § | |
|    *Defendants.* | § | |

## NOTICE OF REMOVAL

COMES NOW, Defendant Airbnb, Inc. (**"Airbnb"**) and pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), removes this case from the District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.  As addressed in further detail below, there is complete diversity of citizenship between the properly-joined parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

### I.
### REMOVAL IS TIMELY

**1.**    Airbnb was served with a copy of Plaintiff's Original Petition on January 16, 2025. *See* **Exhibit H**.  Pursuant to 28 U.S.C. §1446(b)(3), Airbnb is now timely file this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, Airbnb is removing the case within one year of commencement of the action, as required under 28 U.S.C. §1446(c)(1).

1

## II.
### GROUNDS FOR REMOVAL

**2.** Removal is proper because subject-matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332(a).

**A.     Amount in Controversy Exceeds $75,000**

**3.**     The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under Section 1332(a).  More specifically, in her Petition, Plaintiff seeks alleged damages including: past/future medical expenses; past/future physical impairment and lost enjoyment of life; past/future physical pain and suffering; and future loss of earning capacity. *See* **Exhibit B** at ¶21(a)-(g).  With those categories of alleged damages, Plaintiff expressly seeks to recover monetary relief over $1,000,000. *See* **Exhibit B** at ¶9; *See* 28 U.S.C. § 1446(c)(2) ("if removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."); *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 866, 869 (N.D. Tex. 2017) ("When a defendant seeks to remove on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific 'good faith' sum demanded by the plaintiff in her state court petition.").

**B.     Complete Diversity of Citizenship between Plaintiffs and Defendants**

**4.**     There is also complete diversity of citizenship between all parties to this lawsuit:

**i.**     Plaintiff is a citizen of Arizona because she is an individual domiciled in Maricopa County, Arizona. *See* **Exhibit B** at ¶2.

Page **2** of **7**

**ii.**      Airbnb is a citizen of Delaware and California because it is a corporation that is formed under the laws of Delaware, and its principal place of business is located in California. *See, e.g.,* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys. v Mt. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business."). Airbnb is ***not*** a citizen of Texas.

**iii.**      Airbnb RPG, Inc. has no connection to the alleged incident at issue. Airbnb RPG, Inc. is therefore an improperly-joined defendant, and its citizenship may be disregarded for purposes of the diversity analysis. *See, e.g., Magness v. Liberty Ins. Corp.*, No. SA-22-CV-00744-XR, 2022 WL 17732694, at *1 (W.D. Tex. Sept. 1, 2022) ("If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant."). Airbnb RPG, Inc., is nonetheless diverse from Plaintiff. Airbnb RPG, Inc., is a citizen of Delaware and California because it is a corporation that is formed under the laws of Delaware, and its principal place of business is California. *See, e.g.,* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys. v Mt. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business."). Airbnb RPG is ***not*** a citizen of Texas.

**iv.**      Co-Defendant Generali U.S. Branch has no connection to the alleged incident at issue, and also, Texas law does not recognize a "direct action" against an alleged

tortfeasor's insurer. *See, e.g., Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149 (Tex. 1994). Generali U.S. Branch is therefore an improperly-joined defendant, and its citizenship can be disregarded for purposes of the diversity analysis. *See, e.g., Magness*, 2022 WL 17732694, at *1. Generali U.S. Branch is nonetheless diverse from Plaintiff because Generali U.S. Branch is a citizen of New York.

### III.
### CONSENT NOT REQUIRED

5.      Airbnb is not required to obtain the consent of its co-defendants because they are improperly joined as defendants in this lawsuit. *See* 28 U.S.C. §1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action."). Nonetheless, Airbnb has obtained the written consent of its co-defendants. *See* **Exhibits J and K.**

### IV.
### VENUE IS PROPER

6.      Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed state court action has been pending. Specifically, the District Court of Travis County, Texas, is located in the United States District Court of the Western District of Texas, Austin Division. *See* 28 U.S.C. §124(d)(1).

## V.
## AIRBNB HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

**7.**      As required under 28 U.S.C. §1446(a), the following documents are attached to this

Notice of Removal: [1]

- **Exhibit A:**    State Docket Sheet

- **Exhibit B**:    Plaintiff's Original Petition

- **Exhibit C:**    Citation to Airbnb RPG Inc.

- **Exhibit D:**    Return of Service to Airbnb RPG Inc.

- **Exhibit E:**    Citation to Generali U.S. Branch

- **Exhibit F:**    Return of Service to Generali U.S. Branch

- **Exhibit G:**    Citation to Airbnb, Inc.

- **Exhibit H:**    Return of Service to Airbnb, Inc.

- **Exhibit I:**    Airbnb, Inc. and Airbnb RPG's Special Appearance and Subject to

  their Special Appearance, Original Answer

- **Exhibit J:**    Co-Defendant Generali U.S. Branch's Consent of Removal

- **Exhibit K:**    Co-Defendant Airbnb RPG, Inc.'s Consent of Removal

**8.**      Upon filing this Notice of Removal, Airbnb will also file its Disclosure Statement

pursuant to Federal Rule of Civil Procedure 7.1.

---

[1] The State court judge(s) did not sign any orders in this case.

9.      On filing of this Notice of Removal, Airbnb will promptly provide written notice to

Plaintiff and file a copy of this Notice of Removal with the clerk of the State court where

the suit has been pending, in accordance with 28 U.S.C. § 1446(d)

10.     In the event this Court subsequently identifies a defect in this Notice of Removal,

Airbnb respectfully requests this Court to grant Airbnb leave to amend this Notice and cure

the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007

WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend

their notice of removal after the expiration of the original 30-day time limit for removal.");

*Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL

4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the

notice of removal required by section 1446(b).").

11.     By filing this Notice of Removal, Airbnb does not waive any legal defenses, but

expressly reserve their right to raise any and all legal defenses in subsequent pleadings in

this Court.  With this Notice, Airbnb re-urges its challenge to personal jurisdiction and

request to compel arbitration, which are both attached hereto and incorporated by reference

pursuant to Federal Rule of Civil Procedure 10.

12.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil

Procedure, as required under 28 U.S.C. §1446(a).

## VI.
### CONCLUSION

WHEREFORE, Defendants Airbnb, Inc., represents that it has complied with the

removal statutes set forth above, and thus, this case stands removed from the District Court

of Travis County, Texas, to the United States District Court for the Western District of

Texas, Travis Division.

<div style="margin-left: 45%;">

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 South Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288
(512) 472-0721 Fax

By: *Ryan C. Bueché*

    Ryan C. Bueché
    State Bar No. 24064970
    rbueche@germer-austin.com

**ATTORNEYS FOR DEFENDANTS
AIRBNB, INC. and AIRBNB RPG, INC.**

</div>

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on February 3, 2025:

***Via CM/ECF and CMRRR***
Alvaro "Al" Silverio
State Bar No. 24108236
FOGELMAN & VON FLATERN, LLP
3101 Bee Cave Road, Suite 301
Austin, Texas 78746
(512) 956-4789 (t)
(512) 956-9290 (f)
al@fvlawfirm.com
eservice@fvlawfirm.com

**ATTORNEY FOR PLAINTIFF**

*Ryan C. Bueché*

Ryan C. Bueche